**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| In Re: | ) |
| | ) |
| PROFILER   PRODUCTS   LIABILITY | ) **MDL NO. 06-1748-GPM** |
| LITIGATION. | ) |
| | ) |
| *Mercer v. D-M-E Company, et. al* | ) |
| **Cause No. 06-20001-GPM** | ) |
| | ) |
| *Shaw v. D-M-E Company, et. al* | ) |
| **Cause No. 06-20002-GPM** | ) |
| | ) |
| *Maine v. D-M-E Company, et. al* | ) |
| **Cause No. 06-20003-GPM** | ) |
| | ) |
| *Allredge v. D-M-E- Company, et. al* | ) |
| **Cause No. 06-20004-GPM** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Defendant DME Company has moved for summary judgment on the claims of Plaintiff Dale Meggs (*see* Doc. 92) and Plaintiffs James Daniels, Raymond Klueg, and Don Fischer (*see* Doc. 94). For the reasons set forth below, the motion is denied as to Plaintiff Meggs and granted as to Plaintiffs Daniels, Klueg, and Fischer.

## BACKGROUND

This products liability action involves a "Jiffy Profiler" – a tool used in the mold polishing industry. It is an air-driven or electric hand tool used for filing, stoning, and polishing molds. Plaintiffs in this Multi-District Litigation claim that the Jiffy Profiler is defective and unreasonably dangerous. In general, the plaintiffs complain of injuries to their fingers, hand, wrists, and forearms,

allegedly stemming from their use of these tools.

The undisputed evidence before the Court reflects that Defendant DME Company has sold the Jiffy Profiler since January 23, 1996. Before that, the tool was sold by the DME Division of Third-Party Defendant Fairchild. On January 23, 1996, Fairchild entered into an asset purchase agreement with DME's parent corporation, Milacron, and Milacron designated DME Company as the purchaser of the assets of the DME division of Fairchild.

Although there are numerous plaintiffs in this litigation, the pending motions concern only a few. DME Company argues that the claims of Plaintiff Dale Meggs are barred by the statute of limitations. In a nutshell, DME Company argues that even if the Court assumes that Meggs used a profiler sold by DME Company (which it doesn't concede), his claim is time-barred because he knew of his injuries more than two years before he filed suit. DME Company also seeks summary judgment on the claims of Plaintiffs James Daniels, Raymond Klueg, and Don Fischer, arguing that these plaintiffs have failed to prove that the profiler they used and were allegedly injured by was sold by DME Company.

## ANALYSIS

Summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In considering a summary judgment motion, a court must review the entire record and draw all reasonable inferences in the light most favorable to the non-moving party. *See NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Enquip, Inc. v. Smith-McDonald Corp.*, 655 F.2d 115, 118 (7th Cir. 1981).

**Plaintiff Dale Meggs**

In Illinois, a claim for personal injury must be filed within two years after the cause of action accrues. *See* 735 ILCS 5/13-202. Typically, this means when a person suffers injury, however, when an injury occurs gradually (as opposed to a single traumatic event), courts apply the discovery rule. Under the discovery rule, "a cause of action accrues when a person knows or should know, through reasonable investigation, of the injury and its wrongful causation." *Healy v. Owens-Illinois, Inc.*, 833 N.E.2d 906, 910 (Ill. App. Ct. 2005) (citations omitted).

Because Meggs filed suit on June 10, 2005, the issue is whether Meggs knew or should have known prior to June 2003 that his injuries were wrongfully caused. DME Company points to evidence that shows Meggs has used profilers since at least 1994 and admits that he experienced symptoms which he now alleges were caused by the profilers within six months of first using one. He told his doctors that the symptoms started in 1994, and he testified in his deposition that his symptoms never really got worse or better after approximately 2001 or 2002.

Meggs attests that while he experienced numbness and tingling in his hands when he used the profiler, his boss told him that these symptoms were temporary side effects of his job and that they would go away when he stopped polishing (*see* Doc. 96-2, para. 3). He apparently believed this, because he never (before 2005) reported the symptoms to a physician, and he never pursued a workers' compensation claim (*see* Doc. 96-2, para. 3). Meggs attests that he did not know until May 2005 that his symptoms were likely a permanent injury (*see* Doc. 96-2, para. 7).

After a review of the record and the parties' submissions, the Court finds that Meggs's affidavit creates a genuine issue of material fact on the statute of limitations issue. Viewed in a light most favorable to Meggs, the Court cannot find as a matter of law that his claim is time-barred. The

injury in this case was not caused by a sudden, traumatic event. The jury will decide whether Meggs knew that he had been injured and that it was wrongfully caused more than two years before he filed suit.

**Plaintiffs James Daniels, Raymond Klueg, and Don Fischer**

DME also argues that it entitled to summary judgment on the claims of James Daniels, Raymond Klueg, and Don Fischer because they cannot establish an essential element of their claim, *i.e.*, that DME's product caused their injury.

Daniels, Klueg, and Fischer worked for Kahre Brothers for many years. Daniels started in January 1967, Klueg sometime in 1966, and Fischer in May 2005 (*see* Doc. 94, Exhibits F, G, and H). According to DME, Kahre Brothers has not ordered or received one of their profilers since November 1994. Thus, the argument goes, any product used by these men at Kahre Brothers was purchased more than two years before DME came into existence and began distributing profiles (on January 23, 1996).

According to DME, it cannot be liable to these plaintiffs because they cannot show that they used Jiffy profilers sold by DME and, therefore, they cannot show that a DME profiler caused their alleged injuries. DME further argues that these plaintiffs have made no claim for successor liability, and it is too late to add one now. Plaintiffs argue that DME is liable to them because they voluntarily assumed the liabilities from the DME Division of Fairchild Corporation, and they continued to support previously sold products after the purchase by selling replacement parts.

The parties have written many pages about the law of successor liability and the various nuances therein. While there appears to be a question of fact concerning the entity who was the predecessor to the modern day DME (the defendant named in this lawsuit), the Court finds it

unnecessary to go down that path. Plaintiffs have not pleaded a claim for successor liability in their complaint. Plaintiffs seek to hold DME liable under this theory, but nowhere (except in their response to the motion for summary judgment) do they mention successor liability. None of Plaintiffs' allegations, even when construed in their favor, supports an inference that DME is a successor corporation to the entity which sold the profilers to Kahre Brothers. Moreover, while DME apparently sold replacement parts to Kahre, the complaint contains no allegations that Plaintiffs' injuries were caused by defective replacement parts. Plaintiffs do not even address this shortcoming in their pleadings, instead they jump straight into a discussion of the law of successor liability.

Because there is no evidence before the Court that Plaintiffs Daniels, Klueg, and Fischer ever used a Jiffy profiler sold and distributed by DME and because they have not pleaded a claim for successor liability, their claims against DME fail as a matter of law.

## CONCLUSION

Accordingly, the motion for summary judgment as to Plaintiff Dale Meggs (Doc. 92) is **DENIED**; the motion for summary judgment as to Plaintiffs Daniels, Klueg, and Fischer (Doc. 94) is **GRANTED**. The claims of James Daniels, Raymond Klueg, and Don Fischer from Case No. 06-20004-GPM (from the Southern District of Indiana) are **DISMISSED on the merits**.

**IT IS SO ORDERED.**

DATED: 04/16/08


s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge