# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re: ) | |
| ) | |
| PROFILER PRODUCTS LIABILITY ) | MDL NO. 06-1748-GPM |
| LITIGATION. ) | |
| ) | |
| *Mercer v. D-M-E Company, et. al* ) | |
| **Cause No. 06-20001-GPM** ) | |
| ) | |
| *Shaw v. D-M-E Company, et. al* ) | |
| **Cause No. 06-20002-GPM** ) | |
| ) | |
| *Maine v. D-M-E Company, et. al* ) | |
| **Cause No. 06-20003-GPM** ) | |
| ) | |
| *Allredge v. D-M-E- Company, et. al* ) | |
| **Cause No. 06-20004-GPM** ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

The parties to this multi-district litigation have told the Court that they plan to mediate the claims next week. Now several motions have been filed by both sides; the Court will resolve them without a hearing.

First, Defendant DME Company ("DME") has filed an "expedited motion to compel third party defendants' insurers to appear for mediation on 19 and 20 May" (Doc. 125). DME (and Plaintiffs) want the insurers of Third-Party Defendants Fairchild Corporation and RHI Holdings, Inc. (collectively "Fairchild") to appear at the mediation scheduled next week in St. Louis. There are at least six primary insurers and various excess insurers involved (or at least potentially involved) on behalf of Fairchild. This motion is opposed in part by Fairchild (*see* Doc. 128) and in whole by

several excess insurers, TIG Insurance, Industrial Indemnity Company, and Westchester Fire Insurance Company (*see* Doc. 129).

While the Court agrees with the excess insurers that the case law cited by DME for the proposition that the Court has the authority to compel anyone to attend mediation likely has no applicability in this situation, the Court is not going to force anyone to mediate. The idea of mediation is that the parties and their insurers wish to avoid the hard blows that litigation implies by voluntarily hedging their positions. The Court exists for the purpose of seeing that the hard blows that are sure to come are delivered fairly.

Accordingly, DME's expedited motion to compel (Doc. 125) is **DENIED**.

Next, Plaintiffs seek leave to amend their complaints by interlineation to add an alternative count for successor liability (*see* Docs. 116, 119). These motions follow on the heels of the Court's dismissal of the claims of three plaintiffs, Daniels, Klueg, and Fischer, on the basis that there was no evidence these plaintiffs ever used a Jiffy profiler sold and distributed by DME and because a claim for successor liability has not been pleaded.

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend a pleading once as a matter of course at any time before a responsive pleading is served and thereafter only with leave of court or written consent of the adverse party. FED. R. CIV. P. 15(a). The same rule directs that "leave shall be freely given when justice so requires." *Id.* "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys v. Costello*, No. 06-3175, 2008 WL 763313 at *4 (7th Cir. Mar. 25, 2008) (quoting *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290

F.3d 843, 848-49 (7th Cir. 2002)). While delay on its own may not be enough reason for a court to deny a motion to amend, *see Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792-93 (7th Cir. 2004); *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992), "'the longer the delay, the greater the presumption against granting leave to amend.' " *King v. Cooke*, 26 F.3d 720, 723 (7th Cir. 1994) (quoting *Tamari v. Bache & Co.*, 838 F.2d 904, 908 (7th Cir.1988)).

Here, justice does not require an amendment. The delay has been substantial – it has been almost three years since the Mercer, Shaw, and Maine cases were filed, and over two years since the Alldredge case was filed. This extreme delay, whatever the cause, is prejudicial. The case is now nearing its end; almost all deadlines have expired, including fact discovery. Adding new claims at this point would be unduly prejudicial to the parties defending against this litigation. For these reasons, Plaintiffs' motions (Docs. 116, 119) are **DENIED**.

Finally, DME asks this Court to certify for interlocutory appeal its Memorandum and Order denying DME's motion for summary judgment on the claim of Dale Meggs (*see* Docs. 115, 117). The Court found that, when viewed in a light most favorable to Meggs, a genuine issue of material fact exists on the issue whether his claim is time-barred.

The Court gave the statute of limitations issue careful consideration when ruling on the motion for summary judgment. To this Court, it is not a close question. The Court found that a question of fact exists to warrant a trial; there is no "controlling question of law" here. In fact, there is not even a final determination on the issue. A jury will decide whether or not Meggs's claim is barred by the statute of limitations. There is likewise no substantial ground for a difference of opinion on the issue sought to be appealed, and the Court does not agree with DME that an immediate appeal from the Order would in any way materially advance the ultimate termination of

the litigation.  In fact, an appeal at this point would do nothing more than postpone the mediation scheduled next week and delay trial.  For this reason, DME's motion (Doc. 117) is **DENIED**.

Finally, as the Court has stated before, if the parties are unable or unwilling to promptly resolve the matter, this case will be put on an accelerated trial schedule, and the Court will see to it that there is a prompt judicial resolution of all claims.

**IT IS SO ORDERED.**

DATED: 5/13/08

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge