**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **In Re:** | ) | |
| | ) | |
| **PROFILER PRODUCTS LIABILITY** | ) | **MDL NO. 06-1748-GPM** |
| **LITIGATION.** | ) | |
| | ) | |
| *Mercer v. D-M-E Company, et. al* | ) | |
| **Cause No. 06-20001-GPM** | ) | |
| | ) | |
| *Shaw v. D-M-E Company, et. al* | ) | |
| **Cause No. 06-20002-GPM** | ) | |
| | ) | |
| *Maine v. D-M-E Company, et. al* | ) | |
| **Cause No. 06-20003-GPM** | ) | |
| | ) | |
| *Allredge v. D-M-E- Company, et. al* | ) | |
| **Cause No. 06-20004-GPM** | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This multi-district litigation (MDL) concerns product liability claims of plaintiffs who allegedly suffered vibratory hand injuries as a result of using a product known as a "profiler," which is manufactured and distributed by Defendant D-M-E Company (D-M-E).  Before the Court is a Motion to Intervene as Plaintiffs under Federal Rule of Civil Procedure 24, and a Motion by Jonathan Lee Riches for extension of time to pay the $455.00 Appeal filing fee (Doc. 175).  The proposed interveners (Movants) are a group of ten inmates who reside at the Federal Medical Center in Lexington, Kentucky (FMC Lexington).  They allege that their Eighth Amendment rights were violated when they were sexually victimized by various administrators and doctors affiliated with the Residential Drug Treatment Program (RDAP).  Movants claim that D-M-E provides financial

support of the RDAP at FMC Lexington.  It should come as no surprise to Movants—at least one of whom frequently files frivolous lawsuits—that, for the reasons outlined below, their motion is **DENIED**.

Movants assert that they are entitled to intervene in this products liability action, pursuant to Federal Rule of Civil Procedure 24(a), "as an unconditional matter of right" (Doc. 175, p. 1). However, Movants cite no federal statute granting them an "unconditional" right to intervene (*see* Fed. R. Civ. P. 24(a)(1)), and intervention under Rule 24(a)(2) has at least four requirements, none of which Movants have met. *See e.g.*, *Keith v. Daley*, 764 F.2d 1265, 1268 (7th Cir. 1985) (It is Movants' burden to prove "each of the four elements of intervention as of right; the lack of one element requires that the motion to intervene be denied.")  As such, Movants have absolutely no right to intervene in this action.

In the alternative, Movants assert Rule 24(b) permissive intervention is proper because of "questions of laws and facts that are common in this Action" (Doc. 175, p. 2).  Movants assertions are meritless.  The facts surrounding Movants' Eighth Amendment claims belie their assertion of commonality.  Movants' outrageous allegations of sexual abuse have absolutely nothing in common with this products liability action involving "air and electric driven hand tools known as profilers, used in injection mold manufacturing operations for polishing" (Doc. 9, ¶ 9).  Even if D-M-E does, in fact, financially support the RDAP at FMC Lexington, this fact alone is utterly insufficient to support permissive intervention.  The Court, therefore, will not allow Movants to intervene in this action.

Furthermore, after over four years of negotiations, the parties in the main action have reached a settlement and are nearing finalization of that agreement (Doc. 176, p. 2).  Therefore, as D-M-E

correctly notes, "[i]n addition to intervention not being supported by Fed. R. Civ. P. 24, such intervention may unduly prejudice the orderly disposition of this dispute" (*Id.*). Even if Movants truly had "an interest relating to the subject matter of the main action," *see Keith*, 764 F.2d at 1268, which clearly they don't, intervention would not be appropriate at the eleventh hour. At bottom, Movants' Motion to Intervene (Doc. 175) is both untimely and frivolous.

Because the Motion to Intervene is frivolous, it should be counted as a "strike" against each of the Movants for purposes of 28 U.S.C. § 1915(g). *See Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004) ("[W]hen any claim … is 'frivolous, malicious, or fails to state a claim upon which relief may be granted,' all plaintiffs incur strikes." *Quoting* 28 U.S.C. § 1915(g). Here, however, the Court notes that, suspiciously, while a total of ten inmates are named as potential interveners, all of their signatures, and the dates next to their names, are written in identical handwriting (*see* Doc. 175, p. 3). As such, the Court is hesitant to punish the Movants who simply may be blind followers of one Jonathan Lee Riches or worse, unknowing victims of Mr. Riches' conniving schemes.

Indeed, it has come to the Court's attention that Mr. Riches is notorious for the myriad frivolous lawsuits that he has filed—now well over 5,000 in number. *See e.g.*, Beau Hodai, In These Times, "King of the Crazy Suit," (Aug. 11, 2010), http://www.inthesetimes.com/article/6205 (According to the Guinness Book of World Records (2009), Riches has "more than 5,000 civil and criminal cases in federal, state and local court; *See also Geenen v. Salazar*, Civ. No. 07-5070-JLV, 2010 WL 3363385 (D.S.D. Aug. 25, 2010) (In a Kentucky proceeding the court took "judicial notice of 2,023 federal cases which Mr. Riches filed as of that date." *Id. Citing Riches v. Hughes*, Civ. No. 08-085-HRW, (E.D. Ky. June 18, 2008) (unpublished)). As a result, "Mr. Riches has been enjoined from filing litigation of any type without judicial permission in federal district courts in

Massachusetts, Virginia, Michigan, and Kentucky." *Id.*  Mr. Riches can now add the District Court of the Southern District of Illinois to his list.

Clearly, one of Mr. Riches's tactics is to try to evade these litigation prohibitions, and the so-called "three-strikes rule," by trying to intervene in other people's cases.  A motion to intervene under Fed. R. Civ. P. 24, however, starts with a complaint in intervention, and a complaint, of course, is what initiates a "civil action." Fed. R. Civ. P. 3.  As such, Mr. Riches Motion to Intervene should count as an "action" and, in turn, as a "strike" for purposes of  28 U.S.C. § 1915(g).  The fact that Mr. Riches has filed thousands of frivolous lawsuits—apparently just for sport—and frequently attempts to evade sanctions, further buttresses the policy argument for counting the denial of this Motion to Intervene as a strike under § 1915(g).

Because Mr. Riches continues to intentionally evade court injunctions and file vast amounts of frivolous lawsuits additional sanctions are warranted.  The Seventh Circuit Court of Appeals frequently has endorsed the use of such filing restrictions on vexatious litigants.  *See, e.g.*, *McCready v. eBay, Inc.*, 453 F.3d 882, 892-93 (7th Cir. 2006) (ordering a vexatious pro se litigant to show cause why he should not be fined $2,500 and barred from filing papers in the federal courts of the Seventh Circuit for a period of at least two years); *Motgomery v. Davis*, 362 F.3d 956, 957-58 (7th Cir. 2004) (fining two pro se prison inmates $500 each and ordering the clerks of all federal courts in this Circuit to return unfiled papers submitted by the sanctioned parties until they had paid all outstanding sanctions imposed upon them); *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (barring a vexatious pro se litigant from filing new papers in the federal courts of this Circuit for a period of two years).  A similar bar on filings is appropriate here because of Mr. Riches's repeat, vexatious and frivolous litigation.

In addition to being vexatious and frivolous, Mr. Riches continues to engage in overtly fraudulent conduct.  On September 2, 2010, the Clerk of Court received a notarized letter from one of the purported interveners, Richard Galietti, who claims that his signature was forged on this motion and has been forged by Mr. Riches in numerous other lawsuits as well (Doc. 177).  As such, Mr. Galietti requests that his name be removed from the motion and stricken from the Record.  Mr. Galietti's request, construed as a motion to withdraw from this case, is **GRANTED**.  The Clerk of Court is **DIRECTED** to strike Mr. Galietti's name from the Motion to Intervene (Doc. 175), from the Record, and to terminate him as a party to this action

In light of the foregoing, other than habeas corpus petitions and criminal cases in which he is a party defendant, Mr. Riches is **ENJOINED** from filing any further lawsuits, motions or other pleadings in the United States District Court for the Southern District of Illinois *without prior authorization from this Court*.  Further, Movants' Motion to Intervene as Plaintiffs (Doc. 175) under Fed. R. Civ. P. 24 is **DENIED**, and Mr. Riches' Motion for Extension of Time to pay "Appeal filing fee" is also **DENIED**.  The Clerk of Court is **DIRECTED** to return unfiled, any papers that Mr. Riches attempts to file in this District that do not comply with this Order.  *See Support Systems Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

**IT IS SO ORDERED.**

DATED: 09/08/10


s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge